UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    File No.  1:07-CR-58

v.

                                    HON. ROBERT HOLMES BELL

JEFFREY ALLEN CARTER,

       Defendant.

_____/

## O P I N I O N

Defendant Jeffrey Allen Carter has been indicted on one count of possession with intent to distribute 50 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1).  This matter is currently before the Court on Defendant's motion to suppress evidence obtained as a result of an invalid search warrant and for a *Franks* hearing.

### I.

On February 20, 2007, a state judicial officer issued a search warrant for the residence at 849 LaVette Street in Benton Harbor, Michigan, to search for drugs, drug paraphernalia, electronic equipment, firearms, books, records, photographs and currency.  The affidavit for search warrant (the "Affidavit"), signed by Officer Andrew T. Collins, indicated that in the past twenty-four hours Collins had conducted a controlled buy of crack cocaine through a confidential informant from an individual at 849 LaVette by the name of "Jeff," and that the confidential informant indicated that "Jeff" had at least fifteen individually packaged rocks

of crack cocaine in a baggie he had removed from his pants pocket. The Affidavit indicated that the substance purchased had tested positive for crack cocaine, and further indicated that the confidential informant had previously given Collins information leading to the arrest of at least ten subjects selling illegal narcotics.

Defendant contends the warrant was issued without probable cause and accordingly moves to suppress the evidence seized and statements made during the search as the fruit of a constitutionally deficient warrant. Defendant also requests an evidentiary hearing based upon his assertion that the warrant contained deliberately false information.

## II.

Search warrants may not issue except on probable cause. U.S. CONST. AMEND. IV. "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Jackson,* 470 F.3d 299, 306 (6th Cir. 2006) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "In determining whether there is probable cause to issue a search warrant, the task of the issuing magistrate is 'simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

"[T]he task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). "Review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *Jackson*, 470 F.3d at 306. The sufficiency of the affidavit to establish probable cause is judged on "the totality of the circumstances, rather than line-by-line scrutiny." *Id*. The issuing magistrate's probable cause determination is afforded "great deference," and should only be reversed if it was arbitrarily exercised. *Id.*

## A.  Nexus Between Drugs and House

Defendant contends that the Affidavit's description of an isolated drug transaction at a particular location failed to establish a nexus between the alleged transaction and the likely discovery of contraband on the premises. Defendant notes that the warrant affidavit described drugs in the possession of an individual (Jeff), rather than a location within the premises, and failed to indicate whether Jeff had any ownership or possessory interest in the premises.

"To justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)). In other words, in order to establish probable cause there must be a "nexus between

3

the place to be searched and the evidence sought." *Laughton*, 409 F.3d at 747 (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)).

In *Laughton* the government conceded a lack of probable cause where the warrant failed to make any connection between the residence to be searched and the facts of criminal activity or between the defendant and the address given or between the defendant and any of the criminal activity that occurred there.  *Id*.

In *United States v. Pinson*, 321 F.3d 558 (6th Cir. 2003), the court held that the affidavit satisfied the nexus requirement where it described how within the past 72 hours the officer sent a confidential informant with pre-photocopied buy money, observed the confidential informant enter and exit a residence, and recovered the drugs that the confidential informant purchased in the residence.  *Id.* at 564.  According to the Sixth Circuit, this factual evidence "obviously" linked the sale of illegal drugs to the searched premises and was sufficient to establish probable cause even though the affidavit did not name the person who sold the drugs or the owner of the property.  *Id*.

The Affidavit in this case provides the same kind of information found sufficient in *Pinson* and makes the connections that were missing in *Laughton*.  The Affidavit described how Officer Collins sent the confidential informant to 849 LaVette Street to purchase crack cocaine, how he observed the confidential informant enter and exit the residence, and how he recovered crack cocaine purchased by the confidential informant.  The Affidavit also described the confidential informant's statement that he purchased the crack cocaine from

4

"Jeff," an occupant of the residence, and observed "Jeff" in possession of additional quantities of crack cocaine while at that address.  The Affidavit was more than sufficient to link drug trafficking activity to the 849 LaVette Street address, the premises to be searched, and satisfied the requirement of establishing a "nexus between the place to be searched and the evidence sought."  *See Laughton*, 409 F.3d 747.

## B.  Reliability of Confidential Informant

Defendant contends that the warrant also lacked probable cause because there was not sufficient information in the Affidavit from which the reliability of the confidential informant could be determined.

"In order for a judicial officer to issue a warrant, law enforcement officials must present evidence from which the magistrate judge can conclude from the totality of the circumstances, 'including the "veracity" and "basis" of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Jackson*, 470 F.3d at 306 (quoting *United States v. Williams*, 224 F.3d 530, 532 (6th Cir. 2000)).

The evidence provided in support of an application for a search warrant "may be based on a confidential informant's hearsay, so long as the issuing judicial officer is reasonably assured that the informant was credible and the information reliable." *Williams*, 224 F.3d at 532. "An affidavit thus must contain a statement about some of the underlying circumstances indicating the informant was credible or that his information was reliable." *United States v.*

*Smith*, 182 F.3d 473, 477 (6th Cir. 1999).  "When confronted with hearsay information from a confidential informant or an anonymous tipster, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information."  *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003).  "[A]n affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." *Jackson*, 470 F.3d at 307 (quoting *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004)).

Officer Collins' Affidavit includes hearsay evidence from a confidential informant that he bought crack cocaine from someone named Jeff at 849 LaVette and that Jeff had additional rocks of crack cocaine in his possession.  The confidential informant's veracity and reliability is supported by evidence in the Affidavit that the confidential informant had previously given Officer Collins information leading to the arrest of at least ten subjects selling illegal narcotics and that he had never given false or misleading information.  This information, standing alone, was sufficient to permit the magistrate judge to consider the confidential informant's hearsay evidence to be reliable.  *See United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001) ("Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable."); *Smith*, 182 F.3d at 478 ("The reliability of hearsay statements of a

6

confidential informant 'may be corroborated by various means, including . . . [being] vouchsafed' by the affiant's statements about the informant's past performance.").

In this case, however, the Affidavit provides more than the minimum information necessary.  The confidential informant's basis of knowledge is supported by the firsthand knowledge he gained during his purchase of drugs at 849 LaVette and by evidence that he sold crack cocaine in the past.  In addition, the confidential informant's information about the purchase of crack cocaine at 849 LaVette was corroborated by the search of the confidential informant before and after the controlled buy and the positive testing of the substance purchased.

The Sixth Circuit upheld the issuance of a warrant based upon similar information in *Pinson*, 321 F.3d at 563 ("[T]he affidavit in this case contained [the officer's] personal observation, his pat down of the informant before and after the purchase of the narcotics, and the fact that the drugs purchased by the confidential informant later tested positive for cocaine base. All of this information was clearly stated in the affidavit, and the affidavit meets the *Allen* test.").  Although Collins' Affidavit does not contain detailed information regarding the confidential informant, it succinctly describes facts regarding his veracity, reliability and basis of knowledge which were corroborated in part by the controlled buy and the drug testing.

The Court concludes that under the totality of the circumstances the Affidavit submitted in support of the search warrant for 849 LaVette Street contained substantial and

reliable evidence to support the state judicial officer's decision to issue the warrant. Defendant's motion to suppress the evidence seized on the basis that it was seized pursuant to an unconstitutional search warrant will accordingly be denied.

## C. *Franks* Hearing

Defendant has requested an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *Franks* provides that if, after a hearing, a defendant establishes that the warrant affidavit contained intentionally or recklessly false statements, the affidavit must be reviewed for sufficiency without reference to those false statements. *Id.* at 155-56. Defendant states that contrary to the information in the Affidavit, no one came into his residence within twenty-four hours of the warrant application. Defendant contends that the Affidavit must have been falsified and that he should accordingly be permitted an opportunity to question the affiant and/or the confidential informant at an evidentiary hearing. Defendant contends that if the Affidavit is reviewed without the false information, the remaining information will not establish probable cause for the warrant.

There is a presumption of validity accorded to warrant affidavits. *Id*. at 171. Accordingly,"a defendant is entitled to a *Franks* hearing 'if and only if:  (1) there is a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false and (2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set to one side.'"

*United States v. Trujillo*, 376 F.3d 593, 603-04 (6th Cir. 2004) (quoting *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)).

A "substantial preliminary showing" requires more than an allegation:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171.

Defendant has provided the Court with nothing more than an allegation that Officer Collins' statement that he observed the confidential informant enter the premises at 849 LaVette Street within twenty-four hours of when he signed the affidavit was deliberately or recklessly false. Defendant has not provided any affidavit or sworn testimony from himself or any other witness, nor has he provided anything else that would qualify as a "substantial preliminary showing" that Officer Collins' Affidavit included statements that were deliberately or recklessly false. Defendant's motion for a *Franks* hearing will accordingly be denied.

Defendant also seeks production of the confidential informant and suggests that if necessary the Court hold an *in camera* hearing for purposes of questioning the confidential informant. The Court declines to do so. The Sixth Circuit declined a similar request for an *in camera* examination of a confidential informant in *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 n.8 (6th Cir. 2003), and noted: "We have previously decided that we will not

9

mandate a preliminary *in camera* examination of the informant simply because the defendant alleges that the affidavit contains falsehoods." *Id.* (citing *United States v. Giacalone*, 853 F.2d 470, 476 (6th Cir. 1988)). "In *Franks*, the Court was primarily concerned with the credibility of the affiant, not the informant." *Giacalone*, 853 F.2d at 476. Moreover, the government has a qualified privilege to withhold from disclosure the identity of persons who furnish information of criminal activities to law enforcement officials. *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *United States v. Sharp*, 778 F.2d 1182, 1185 (1985). Defendant has not made a substantial preliminary showing that he is entitled to a *Franks* hearing, much less the disclosure of the identity of the confidential informant.

The Court concludes that because Defendant has failed to make a substantial preliminary showing that Officer Collins intentionally or recklessly included false information in the Affidavit, Defendant is not entitled to an evidentiary hearing or to the production of the confidential informant. Defendant's motion for a *Franks* hearing will accordingly be denied.

## II.

For the reasons stated herein, Defendant's motion to suppress evidence obtained as a result of an invalid search warrant and motion for a *Franks* hearing will be denied.

An order consistent with this opinion will be entered.

Date:   May 14, 2007                       /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE